UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMMY COLLIER,

        Petitioner,

v.                                    Case No. 07-CV-12031

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Timmy Collier, a state inmate who is presently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction and sentence for first-degree murder under Mich. Comp. Laws § 750.316. For the reasons stated, Petitioner's application for writ of habeas corpus will be denied.

**I. BACKGROUND**

**A. *Giles* Case**

This case arises from the death of Jessie Giles. According to the prosecutor's theory, Giles' death, although initially thought to be from natural causes, was later discovered to be a homicide, and Petitioner was charged with first degree murder. The jury found Petitioner guilty of the charged offense, and on July 22, 1998, the trial court sentenced Petitioner to life imprisonment without parole. Petitioner, through counsel, filed an appeal in the Michigan Court of Appeals, raising the following claim:

> I. The West Bloomfield Police Department violated
> [Petitioner's] rights when they engaged in an interrogation
> after [Petitioner] had asserted his right to counsel and before
> counsel was presented.

Petitioner subsequently filed a *pro per* supplemental brief raising the following claims:

> II. The trial court clearly erred in denying the defense motion to
> suppress all evidence obtained as a fruit of [Petitioner's]
> arrest, as the police did not have sufficient information, at the
> time of his arrest, to provide probable cause that [Petitioner]
> committed the offense.
>
> III. The prosecutor and police clearly erred in failing to arraign
> [Petitioner] who was arrested without a warrant promptly.
>
> IV. [Petitioner] received ineffective assistance of counsel
> at trial level.
>
> V. The prosecutor did not provide [Petitioner] with all the
> copies of police and laboratory reports and
> transcripts, the prosecutor repeatedly stated false
> acts of the crime to the press, (TV, newspaper and
> radio).

Petitioner's conviction and sentence were affirmed on appeal. *Collier*, 2001 WL 740466. Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court; the Michigan Supreme Court denied Petitioner's application on September 21, 2001. *People v. Collier*, 634 N.W.2d 361 (2001).

On or about July 30, 2002, Petitioner, sought to file a motion for relief from judgment in the trial court, and filed a motion requesting that he be permitted to file a pleading in support of his motion which exceeded the page limit – his motion for relief from judgment was ninety pages in length. The trial court denied Petitioner's motion

and rejected Petitioner's ninety-page brief. *People v. Collier*, No. 98-158327-FC (Oakland County Circuit Court Aug. 12, 2002).

Petitioner then filed applications for leave to appeal from the trial court's decision in both the Michigan Court of Appeals and the Michigan Supreme Court, which were denied. *People v. Collier*, No. 243556 (Mich. Ct. App. April 1, 2003); *People v. Collier*, 670 N.W.2d 671 (2003).

On November 19, 2003, Petitioner again filed a motion for leave to surpass the twenty-page limit as set forth in M.C.R. 2.119(A)(2), along with a motion for relief from judgment and a brief in support, in the trial court. The trial court once again denied the motion, thereby again denying Petitioner's motion for relief from judgment. *People v. Collier*, No. 98-158327-FC (Oakland County Circuit Court, Dec. 11, 2003).

Petitioner then filed an application for leave to appeal that decision in the Michigan Court of Appeals, which was granted "limited to the issues raised in the application," which dealt with whether Petitioner was entitled to file a brief in excess of twenty pages. *People v. Collier*, No. 253151 (Mich. Ct. App. May 13, 2004). On May 10, 2005, the Michigan Court of Appeals issued an opinion rejecting Petitioner's arguments and affirmed the trial court's opinion and order denying Petitioner's motion to file a brief in excess of twenty pages. *People v. Collier*, No. 253131, 2005 WL 1106501 (Mich. Ct. App. May 10, 2005) (unpublished). Petitioner did not seek leave to appeal that decision to the Michigan Supreme Court.

Petitioner next filed another motion for relief from judgment in the trial court, claiming that he was denied the effective assistance of counsel when counsel failed (1) to move for an evidentiary hearing regarding the suppression of Petitioner's statement,

3

(2) to call several witnesses and (3) to litigate a Fourth Amendment issue. Petitioner also alleged that there was insufficient evidence to support his first-degree-murder conviction.

The trial court denied Petitioner's motion, concluding that Petitioner failed to establish good cause to support his request for relief because Petitioner's claims for ineffective assistance of counsel were without merit. *People v. Collier*, No. 98-158327-FC (Oakland County Circuit Court Jan. 3, 2006.) The trial court stated in pertinent part:

> The failure to assert all arguable claims is not sufficient to overcome the presumption that counsel functioned as a reasonable attorney in selecting the issues presented. The Court finds that [Petitioner's] claim of ineffective assistance of trial counsel is without merit. Counsel was not ineffective, and there has been no showing that any alleged errors were offensive to the maintenance of sound justice.
>
> [Petitioner] also contends that there was insufficient evidence regarding the elements of intent, as required to convict him of first-degree murder.
>
> The intent to kill may be proven by inference from any facts in evidence. "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." Here, the evidence of [Petitioner's] intent is far more than minimal.
>
> Defendant has failed to demonstrate that there is "good cause" or "actual prejudice" warranting post[-]appeal relief. Because [Petitioner] has failed to demonstrate "good cause" and has failed to demonstrate "actual prejudice" the Court may not grant the relief requested. MCR 6.508(D).

*Collier*, No. 98-158327-FC, slip op. at pp. 3-4 (citations omitted).

Subsequently, Petitioner filed an application for leave to appeal that decision in the Michigan Court of Appeals, raising the following claims:

> I. [Petitioner's] due process rights to a fair trial and effective assistance of counsel were violated where counsel failed to move for an evidentiary hearing to suppress [Petitioner's] statements.
>
> II. [Petitioner] was deprived of a substantial defense, a fair trial and of effective assistance of counsel for failing to call witnesses.
>
> III. [Petitioner] was deprived of effective assistance of counsel, where trial counsel failed to litigated a Fourth Amendment claim.
>
> IV. Trial counsel failed to properly cross-examine witnesses regarding trial testimony.
>
> V. Trial counsel failed to make timely objection to repeated prosecutorial misconduct.
>
> VI. The prosecutor used perjured testimony to secure a conviction:[t]he prosecutor has a duty to bring to the attention of the trier of fact that a witness was lying on the stand.

The Michigan Court of Appeals denied Petitioner's application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Collier*, No. 269087 (Mich. Ct. App. Oct. 11, 2006). Petitioner then filed his application for leave to appeal that decision in the Michigan Supreme Court, which denied leave on January 4, 2007. *People v. Collier*, 725 N.W.2d 352 (Mich. 2007). Petitioner now seeks the issuance of a writ of habeas corpus, raising the same claims as raised in the state appellate courts.

### B. *Billiter* Case

While the above-stated appeals were pending, Petitioner also appealed his separate murder conviction regarding the death of Nancy Billiter, for which he was

5

sentenced to life imprisonment without the possibility of parole. On April 27, 2001, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence in that case. *People v. Collier*, No. 215573, 2001 WL 672844 (Mich. Ct. App. April 27, 2001). Subsequently, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Collier*, 645 N.W.2d 665 (Mich. 2002).

In January 2003, Petitioner filed a petition for writ of habeas corpus with respect to that conviction and sentence with this court, which was accorded case number 03-CV-73383 and assigned to Judge Victoria Roberts. On February 28, 2005, Judge Roberts denied Petitioner's petition for writ of habeas corpus. *Collier v. Renico*, No. 03-73383 (slip op.) (E.D. Mich. Feb. 28, 2005). The United States Court of Appeals for the Sixth Circuit affirmed Judge Roberts's decision on August 8, 2006. *Collier v. Renico*, No. 05-1379 (6th Cir. 2006).

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state-court decisions and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

6

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. DISCUSSION

#### A. The Concurrent Sentencing Doctrine

The "concurrent sentencing doctrine" invests the court with discretion to decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction. *See United States v. Wade*, 266 F.3d 574, 578, (6th Cir. 2001); *United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine has its origins in appellate practice applicable to direct review of criminal cases. *See Benton v. Maryland*, 395 U.S. 784, 788-91 (1969); *Hirabayashi v. United States*, 320 U.S. 81 (1943). Applying the principle, the Supreme Court and the Sixth Circuit have declined to review convictions on one count where the presence of a valid concurrent count is sufficient to retain the defendant in custody. *See, e.g., Hirabayashi*, 320 U.S. at 105; *United States v. Burkhart*, 529 F.2d 168, 169

(6th Cir. 1976). The standard guiding the court's discretion is whether there exists any possibility of an adverse "collateral consequence" if the conviction is allowed to stand. *See Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n.3; *see also United States v. Byrd*, 911 F.2d 734 (6th Cir. 1990).

Here, Petitioner is serving a non-parolable life sentence for the first-degree-murder conviction of Billiter. The present petition challenges his first-degree-murder conviction of Giles. Thus, even if the court were to vacate the second conviction, the maximum relief available would be invalidation of that sentence, leaving Petitioner with the identical life imprisonment sentence for his conviction on the other first-degree-murder conviction. Accordingly, the relief sought by Petitioner, release from prison, would not be available even if the second conviction challenged in this petition were vacated because the challenged sentence here has no harmful impact on Petitioner's prison term. Additionally, because there is no likely collateral consequence, the court finds no significant legal question at issue here. Accordingly, while noting that affirmance of Petitioner's conviction and sentence in Petitioner's habeas case number 03-73383 does not moot the issues he raises in this case, pursuant to the collateral sentencing doctrine, the court declines, as a discretionary matter, to reach them.

Moreover, even without the concurrent sentencing doctrine, the court would nevertheless find that Petitioner's claims are procedurally defaulted, as he failed to properly present his claims to the state appellate courts. Furthermore, Petitioner fails to demonstrate to the court "cause and prejudice" for his default.

### B. Procedural Default

Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner failed to raise these issues in his appeal of right, raising them instead for the first time in his post-conviction motion for relief from judgment. Although the trial court rejected Petitioner's claims on the merits, both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner leave to appeal on the ground that Petitioner had failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D).

MCR 6.508(D) states that "an appellant seeking additional review of a claim 'which could have been raised on appeal from the conviction and sentence or in a prior motion' must demonstrate good cause for failure to raise such grounds on appeal, and actual prejudice caused from the irregularities to support the claim for relief." *Gonzales v. Elo*, 233 F.3d 348, 353 (6th Cir. 2000). In the present case, the Michigan Supreme Court, the last court to render a judgment in this case, based its decision to deny Petitioner's application for leave to appeal on the trial court's denial of his motion for relief from judgment under M.C.R. 6.508(D). The Sixth Circuit has held that the Michigan Supreme Court's statement that petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)" was sufficient to constitute a procedural bar to federal habeas relief, in that it was based on an independent and adequate state procedural rule. *Simpson v. Jones*, 238 F.3d 399, 407-408 (6th Cir. 2000). The Sixth Circuit rejected the idea that the brief form order was an unexplained order that could not serve to procedurally default a habeas petitioner. *Id.* at 408. This court therefore concludes that the Michigan Supreme Court's form order denying Petitioner relief under M.C.R. 6.508(D) constitutes an adequate procedural bar to

federal habeas relief.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-751 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-480 (1986). To be credible, such a claim requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Ineffective assistance of counsel may be cause for procedural default. *Murray v. Carrier*, 477 U.S. at 488; *Richardson v. Elo*, 974 F.Supp. 1100, 1104 (E.D. Mich. 1997). Not just any deficiency in counsel's performance will excuse a procedural default, however; the assistance must have been so ineffective as to violate the Federal Constitution. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Attorney error that falls short of constitutional ineffective assistance of counsel does not constitute cause to

excuse a procedural default.  *Bruton v.. Phillips*, 64 F.Supp.2d 669, 682-83 (E.D. Mich. 1999).  Additionally, if a petitioner's ineffective assistance of counsel claim lacks merit, it cannot constitute cause to excuse his default.  *Sherill v. Hargett*, 184 F.3d 1172, 1176 (10th Cir. 1999).

With respect to his claims, Petitioner does not allege any facts or claims in an effort to establish cause to excuse his procedural default in his petition for writ of habeas corpus.  A review of Petitioner's claims reveals that they are without merit.  Petitioner has therefore failed to establish cause to excuse his default.  Moreover, even assuming that Petitioner has established cause for his default, he is unable to satisfy the prejudice prong of the exception to the procedural default rule because his claims are without merit.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice.  *Cosme v. Elo*, 2000 WL 246592, (E.D. Mich. 2000) (citing to *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)).  Finally, Petitioner has failed to offer this court new reliable evidence of innocence that was not presented at trial which would excuse his default.  *Schlup v. Delo*, 513 U.S. at 324; *Welch v. Burke*, 49 F.Supp.2d 992, 100 (E.D. Mich. 1999).  Petitioner's claims are procedurally defaulted, therefore Petitioner is not entitled to habeas relief with respect to his claims.

## IV.  COA AND IFP

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right such that a certificate of appealability is not warranted in this case. The court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2008, by electronic and/or ordinary mail.

s/Lisa Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522