**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIMMY COLLIER,

        Petitioner,

v.                                           Case No. 07-CV-12031

MILLICENT WARREN,

        Respondent.
_____/

**ORDER DENYING MOTION TO REOPEN TIME TO
FILE AN APPEAL AND DENYING MOTION FOR
AN EXTENSION OF TIME TO FILE AN APPEAL AS MOOT**

Pending before the court are two post-judgment motions filed by Petitioner: (1) "Motion for an Extension of Time to File an Appeal," and (2) "Motion to Reopen the Time the File an Appeal." For the reasons stated below, the court will deny the motion to reopen the time to file an appeal. Because the court is denying that motion, it will deny the motion for an extension of time to file an appeal as moot.

**I. BACKGROUND**

Petitioner was convicted in a Michigan state court of first-degree murder and sentenced to life in prison. On May 8, 2001, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was denied with prejudice on August 29, 2008, and a separate judgment was entered in accordance with the federal rules. Fed. R. Civ. P. 58(a). A copy of the order and judgment was served on Petitioner by U.S. mail and proof of service was noted by the clerk on the order denying relief. In its opinion and order, the court also declined to issue Petitioner a certificate of

appealability and denied him an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous.

## II. DISCUSSION

Under the Federal Rules of Appellate Procedure, a party has thirty days after the judgment to file a notice of appeal. Fed. R. App. P 4(a)(1)(A). A district court may reopen the time to file an appeal for fourteen days if the moving party did not receive notice of the entry of the judgment, "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*," and no party would be prejudiced. Fed. R. App. P. 4(a)(6) (emphasis added).

Petitioner asserts he never received notice of the judgment. Even so, the appeal period cannot be reopened because the 180-day period has passed and, consequently, the court is without authority to reopen the appeal period. Rule 4(a)(6)(B)'s 180-day limit is an "outer time limit." *See* Advisory Committee Notes 1967 Adoption. That is, after 180 days has passed the district court can no longer reopen the time to appeal. See 28 U.S.C. § 2107 (discussing the time limits employed by Rule 4(a)(6)(B) and noting "whichever is earlier" applies); Advisory Committee Notes 2005 Amendments ("[A]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances."); *see also Coger v. Davis*, No. 06-14039-BC, 2010 WL 1417835, at *1 (E.D. Mich. Apr. 5, 2010) (denying motion to reopen the time to file an appeal).

Here, the 180-day period expired on February 15, 2009. Petitioner filed this motion almost two years after entry of the judgment. Petitioner's motion to reopen must

2

therefore be denied. As a result of that decision, the court denies his motion for an extension of time to file an appeal as moot.

## III.  CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion to Reopen the Time to File an Appeal" [Dkt. # 15] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for an Extension of Time to File an Appeal" [Dkt. # 16] is DENIED AS MOOT.

IT IS FURTHER ORDERED that the clerk is DIRECTED to attach a copy of the August 29, 2008 order and judgment [Dkt. ## 10 & 11] when serving this order on Petitioner.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522